**MINGQING CHEN, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 14–70106.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 20, 2016.*

Filed Jan. 26, 2016.

Jisheng Li, Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Andrea Gevas, OIL, Doj–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

MEMORANDUM **

Mingqing Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder,* 590 F.3d 1034,

*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).*

1039–40 (9th Cir.2010). We deny the petition for review.

The agency determined Chen was not credible based on discrepancies between Chen's asylum statement and testimony regarding the timing of family planning authorities' visits to his home, and based on omissions related to his alleged hospital stay. Substantial evidence supports the adverse credibility determination. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Chen's explanations do not compel a contrary conclusion. *See Zamanov v. Holder,* 649 F.3d 969, 974 (9th Cir.2011). We reject Chen's contention that the BIA failed to consider his explanations. Thus, Chen's asylum claim fails.

In the absence of credible testimony, Chen's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.*